UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  08-14148-CIV-MARTINEZ-LYNCH

CYNTHIA HANEY, LINDA HANEY,
SHERRIE HANEY, and SHERMAN
WALTER,

      Plaintiffs,

vs.

OFFICE OF PERSONEL MANAGEMENT,

      Defendant.
_____/

### ORDER DISMISSING PLAINTIFFS' AMENDED COMPLAINT

      This CAUSE came before the Court upon the Plaintiffs' Amended Complaint **(D.E. No. 10)**. The Plaintiffs filed their original Complaint **(D.E. No. 1)** against the Office of Personnel Management ("OPM") on April 25, 2008. Because Plaintiff's Complaint did not clearly state the the nature of the dispute or the type of relief that the Plaintiffs were seeking, the Court directed the Plaintiffs to file an Amended Complaint **(D.E. No. 3)**. The Plaintiffs complied and filed a timely Amended Complaint **(D.E. No. 10)** on May 12, 2008. However, after examining the Plaintiffs' Amended Complaint, the Court finds that it lacks subject matter jurisdiction over the claims alleged therein and the case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

      The subject of the Plaintiffs' lawsuit concerns the alleged fraudulent transfer of civil service retirement benefits belonging to Plaintiff Sherrie Haney. More specifically, Plaintiff Sherrie Haney, and her co-Plaintiffs, Cynthia Haney, Linda Haney and Sherman Walter allege that someone fraudulently changed the bank deposit information for Sherrie Haney's retirement

account at OPM, directing her federal retirement benefits to an unknown entity. (D.E. No. 10 at 2). The Plaintiffs assert that Sherrie Haney gave her daughters Cynthia Haney and Linda Haney a power of attorney in this matter and they informed OPM's fraud unit about a fraudulent trust that had been placed on their mother's retirement account, however OPM has refused to investigate. (*Id*.). The Plaintiffs ask that the Court order OPM to stop these fraudulent transfers, to investigate all claims of forged documents and fraud relating to Sherrie Haney's account, and to release information on the identity(ies) of the party(ies) who have accessed Sherrie Haney's retirement account. (*Id*. at 3).

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Thus, it is incumbent upon this Court to ensure at all times that it has subject matter jurisdiction over the claims before it. Issues relating to subject matter jurisdiction may be raised at any time and the Court may raise such issues *sua sponte*. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976).

The Plaintiffs assert that jurisdiction is proper under the Administrative Procedure Act, 5 U.S.C. § 702, ("APA"), which states that a person who suffers a legal wrong as a result of agency action is entitled to judicial review of that action. (D.E. No. 10 at 1). While the APA does indeed provide for judicial review of agency action in certain cases, it does not provide an independent source of federal jurisdiction. *See Califano v. Saunders*, 430 U.S. 99, 107 (1977). The Plaintiffs also cite to a series of federal criminal statutes that appear under Title 18 of the United States Code, asserting that these statutes provide another basis for jurisdiction. (D.E. No. 10 at 1).[1]

---

[1] More specifically, the Plaintiffs allege violations of: (1) 18 U.S.C. § 495, which makes it a federal offense for anyone to falsely make, alter, forge or counterfeit any deed, power of attorney, order, contract or writing for the

However, generally speaking, there no private right of action under Title 18 of the United States Code. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding no private right of action under 18 U.S.C. §§ 241 and 242); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (finding no private right of action under 18 U.S.C § 242); *Tsabbar v. Booth*, 293 F. Supp. 2d 328, 335 (S.D.N.Y. 2003) (finding that the civil rights provisions of Title 18 of the United States Code do not provide for private rights of action). Thus, the Court finds that the Plaintiffs cannot rely upon these statutes as a basis for federal jurisdiction.[2]

Moreover, the Court finds that federal statute specifically assigns jurisdiction over this claim to another court and requires that the Plaintiffs exhaust administrative remedies before proceeding to court. Pursuant to 5 U.S.C. § 8347(b), a plaintiff who wishes to challenge the distribution of civil service retirement benefits must file an administrative claim with OPM. If

---

purpose of obtaining or enabling another to obtain any sum of money form an officer of the United States; (2) 18 U.S.C. § 1002, which makes it a federal offense for anyone to knowingly possess false papers with the intent to defraud the United States; (3) 18 U.S.C. § 1028, which penalizes various forms of fraud and related activity in connection with the possession or transfer of identification documents and information; and (4) 18 U.S.C. § 2073, which makes it a criminal offense for any officer, clerk or other employee of the United States or one of its agencies who is charged with keeping accounts of any kind, or of holding moneys in trust for any person from making any false entry or report with the intent to deceive, mislead or defraud.

[2]The Court notes that the allegations contained in the Plaintiffs' Amended Complaint mirror those found in *Coleman v. Blair*, 166 F. App'x. 358 (10th Cir. 2006). In *Coleman*, the Tenth Circuit affirmed a district court decision to dismiss a plaintiff's claims regarding the dispersal of funds from a civil service retirement annuity for lack of subject matter jurisdiction. (*Id.*). The plaintiff alleged that she received a reduced share of her husband's civil service retirement annuity upon divorce because her former husband and his divorce attorney submitted a fraudulent divorce decree to OPM and that the director of OPM acted as an accomplice to this fraud. (*Id.* at 359). The district court found that jurisdiction was lacking because the plaintiff had failed to exhaust her administrative remedies through OPM and the MSPB, had failed to file her claim for judicial review in the Federal Circuit, and had no private right of action to bring claims under Title 18 of the United States Code. (*Id.*).
It is not entirely clear in the instant case whether the Plaintiffs are alleging that OPM acted as an accomplice to the fraud involving Sherrie Haney's retirement account because the Amended Complaint fails to plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b). However, 18 U.S.C. § 2073, one of the federal criminal statutes listed in the Plaintiffs' Amended Complaint, addresses the entry of falsified reports by government employees who are entrusted with keeping accounts on behalf of the United States government or any person. Nevertheless, the Plaintiffs' claims mirror those presented in the Coleman case because they allege fraud involving the transfer of civil service retirement funds from OPM and attempt to base federal jurisdiction on Title 18 of the United States Code.

OPM denies a plaintiff's claim, he/she can file an appeal with the Merit Systems Protection Board ("MSPB").  *See* 5 U.S.C. § 8347(d)(1).  If a plaintiff is dissatisfied with the MPSB's final decision, he/she can file an appeal with the United States Court of Appeals for the Federal Circuit.  5 U.S.C. § 7703(b)(1);  28 U.S.C. § 1295(a)(9).  Thus, the statutory scheme created by 5 U.S.C. §§ 8347(a), (b) and (d)(1), 7703(b)(1), and 28 U.S.C. § 1295(a)(9) vests exclusive judicial review of civil service retirement claims in the Federal Circuit following exhaustion of administrative remedies before OPM and the MSPB.  *See United States v. Fausto*, 484 U.S. 439, 443-45 (1988); *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 773-74 (1985).

The Plaintiffs do not allege that they have exhausted their administrative remedies through the OPM and the MSPB.  They simply state that they have relayed information that they have regarding the existence of a fraudulent trust on Sherrie Haney's account, but that OPM's fraud unit has refused to investigate.  However, even if the Plaintiffs did exhaust their administrative remedies with OPM and the MSPB, this Court would still lack subject matter jurisdiction over their claim because exclusive jurisdiction is vested in the Federal Circuit under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).  In light of the foregoing, it is:

**ORDERED and ADJUDGED** that

1. The Plaintiffs' Amended Complaint **(D.E. No. 10)** is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. The Clerk of the Court is DIRECTED to CLOSE this case and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of June, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

-5-

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record